**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 22, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

EDWARD HOID,

    Plaintiff - Appellant,

v.

KNOP-2 NEWS; JASON MALTERUD,
Longmont Police Department; JOSHUA
BURKE, Longmont Police Department;
RACHAEL SLOAN-STOGGSDILL,
Longmont Police Department; JEFF
SATUR, Longmont Police Department;
ZACH ARDIS, Longmont Department of
Public Safety; STANLEY JERIDO,
Colorado Department of Corrections
Division of Parole; RYAN DAY, Boulder
County Deputy District Attorney; NANCY
SALAMONE, Boulder County 20th
Judicial District Court; BRUCE LANGER,
Boulder County 20th Judicial District;
NICOLE COLLINS, Attorney;
BENJAMIN COLLETT, Attorney; RYAN
DAWSON-ERDMAN, Attorney; FOX-31
NEWS; ABC-7 NEWS; CBS-4 NEWS;
NBC-9 NEWS; JON HIGH, Longmont
Police Department; GRAY MEDIA
GROUP, INC.; THE DENVER POST;
LONGMONT TIMES-CALL; THE
DENVER GAZETTE; AMERICA'S
MOST WANTED; BALLARD SPAHR,
LLP; ASHLEY KISSINGER; KENNISON
LAY; SHERRI CLARK; MARK BAILEY,
Denver District Court; ERIC ELLIFF,
Denver District Court; GOOGLE;
HAWTHORNE, Judge, Court of Appeals;
FOX, Judge, Court of Appeals; LUM,
Judge, Court of Appeals; JOHNSON,
Judge, Court of Appeals; LIPINSKY,

No. 25-1314
(D.C. No. 1:25-CV-01164-CMA-RTG)
(D. Colo.)

Judge, Court of Appeals; MOULTRIE,
Judge,

  Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.[**]
_____

Plaintiff Edward Hoid, appearing pro se, appeals from the district court's order (1) adopting a United States Magistrate Judge's (USMJ) recommendation, (2) dismissing without prejudice his second amended complaint (SAC) for failure to comply with Federal Rule of Civil Procedure 8(a) and (3) denying his motion to file a Third Amended Complaint (TAC) because it too fails to comply with Rule 8(a). The recommendation and order are attached hereto as "Attachment 1" and "Attachment 2" respectively. Although difficult to discern from the 149-page SAC, Plaintiff appears to claim news publications' allegedly false reports that he beat a man to death together with the improper conduct of government officials (police, attorneys, and judges) violated federal law and caused him redressable harm. Our jurisdiction arises under 28 U.S.C. § 1291. We summarily affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2

Among other things, Rule 8(a) states that a complaint "must contain . . . "a short and plain statement of the claim showing the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  In recommending that the district court dismiss Plaintiff's SAC for failure to comply with Rule 8, the USMJ ably described the SAC.  The USMJ observed that the SAC is 149-pages long and ends mid-sentence on the final page.  The SAC lists 36 Defendants including news and media organizations, police officers, a deputy district attorney, defense attorneys, state court judges and officials, a law firm, and Google.  The pleading contains 37 claims for relief including numerous claims for incitement, defamation, fraud, misprision, malicious prosecution, torture, collusion, and legal malpractice.  Notably, the SAC fails to assert any claim against 12 of the named Defendants.  The 68 pages of "Background" contains factual allegations that are "verbose, repetitive, and largely irrelevant to the specific claims[.]"  Attachment 1 at 6.  The USMJ then explained why the SAC failed to comply with Rule 8(a)(2):

> Mr. Hoid fails to provide a short and plain statement of his claim that demonstrates he is entitled to relief.  Instead, the [SAC] is unnecessarily long.  The claims, and factual allegations in support of the claims, are vague, conclusory, repetitive, and verbose.  And it is not clear what claims are being asserted against each Defendant.  The lack of clarity regarding the specific claims being asserted, and the unnecessary length of the [SAC] are exacerbated by Mr. Hoid's failure to identify any logical relationship among all the named Defendants that would permit joinder in a single lawsuit.

*Id.* at 9–10.  Upon de novo review, the district court overruled Plaintiff's objections to the USMJ's recommendation, adopted it, and dismissed the action.  The court also denied Plaintiff leave to file his 172-page TAC because it suffered from the same defects as the SAC and so too failed to comply with Rule 8.

Where a district court has taken the proper measure of a case and articulated a cogent rationale for its decision, it serves no useful purpose for us to write at length. Suffice to say we have thoroughly reviewed the record on appeal, including Plaintiff's SAC and proposed TAC, the USMJ's recommendation, Plaintiff's objections thereto, and the district court's final order. We have also thoroughly reviewed Plaintiff's appellate brief (in which he accuses the district court of committing "felonious acts"), and his motion to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). We affirm the district court's judgment substantially for the reasons set forth in the USMJ's recommendation and the district court's order adopting that recommendation and dismissing this action without prejudice. We grant Plaintiff's motion to proceed IFP.

JUDGMENT AFFIRMED; MOTION TO PROCEED IFP GRANTED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01164-LTB-RTG

EDWARD HOID,

      Plaintiff,

v.

KNOP-2 NEWS,
JASON MALTERUD, Longmont Police Department,
JOSHUA BURKE, Longmont Police Department,
RACHAEL SLOAN-STOGGSDILL, Longmont Police Department,
JEFF SATUR, Longmont Police Department,
ZACH ARDIS, Longmont Department of Public Safety,
STANLEY JERIDO, Colorado Dept. of Corrections Div. of Parole,
RYAN DAY, Boulder County Deputy District Attorney,
NANCY SALAMONE, Boulder County 20th Judicial District Court,
BRUCE LANGER, Boulder County 20th Judicial District Court,
NICOLE COLLINS, Attorney,
BENJAMIN COLLETT, Attorney,
RYAN DAWSON-ERDMAN, Attorney,
FOX-31 NEWS,
ABC-7 NEWS,
CBS-4 NEWS,
NBC-9 NEWS,
JON HIGH, Longmont Police Department,
GRAY MEDIA GROUP INC.,
THE DENVER POST,
LONGMONT TIMES-CALL,
THE DENVER GAZETTE,
AMERICA'S MOST WANTED,
BALLARD SPAHR,
ASHLEY KISSINGER,
KENNISON LAY,
SHERRI CLARK,
MARK BAILEY, Denver District Court,
ERIC ELLIFF, Denver District Court,
GOOGLE,
JUDGE HAWTHORNE, Court of Appeals,

1

ATTACHMENT 1

JUDGE FOX, Court of Appeals,
JUDGE LUM, Court of Appeals,
JUDGE JOHNSON, Court of Appeals,
JUDGE LIPINSKY, Court of Appeals, and
JUDGE MOULTRIE, Court of Appeals,

        Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Richard T. Gurley, United States Magistrate Judge**

This matter comes before the Court on the second amended Complaint (ECF No. 26)[1] filed *pro se* by Plaintiff, Edward Hoid, on July 7, 2025. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 28).

The Court must construe the second amended Complaint (ECF No. 26) liberally because Mr. Hoid is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. It is respectfully recommended that the second amended Complaint (ECF No. 26) and the action be dismissed.

### I. DISCUSSION

---

[1] "(ECF No. 26)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

2

466

## • Background

Mr. Hoid is a resident of Loveland, Colorado. He initiated this action by filing *pro se* a Complaint (ECF No. 1). On June 2, 2025, Mr. Hoid filed an amended Complaint (ECF No. 22) that is ninety-one-pages long. Following a verbose, repetitive, and often irrelevant introductory statement that spans sixty-one pages (ECF No. 22 at pp.14-75), Mr. Hoid lists eighteen claims for relief against thirty-seven Defendants. The list of Defendants includes news and media organizations, police officers, a deputy district attorney, defense attorneys, and several state court judges and officials. Plaintiff indicates he is asserting claims for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as 18 U.S.C. §§ 373, 1001, and 1038. (*See* ECF No. 22 at p.10.) The specific claims for relief are the following:

1. Fraudulent Concealment in violation of 18 U.S.C. §§ 35, 1001, and 1038

2. Fraudulent Concealment-Legal Malpractice-Coercion-Perjury-Illegal Influence of Public Policy in violation of 18 U.S.C. §§ 35, 1001, and 1038

3. Fraudulent Concealment

4. Fraudulent Concealment-18 U.S.C. 1519-Destruction, Alteration, or Falsification of Revord and Public Records

5. Child Endangerment and Abuse

6. Public Endangerment

7. Incitement

8. Malicious Prosecution

3

467

9. Fifth Amendment Violations-Witness Against Self-Forced Plea-Coercion

10. Sixth Amendment Violations-Partiality

11. Due Process Violations-Fifth Amendment

12. Fourteenth Amendment Violations-Deliberate Medical Indifference

13. Incitement

14. Defamation

15. Police Brutality

16. Fourteenth Amendment Violations-Equal Protection Violations-Abusive Policy

17. Mutilation of a Body

18. First Amendment Violations Against Free Speech

As relief in the amended Complaint Plaintiff requests damages "[f]or the destruction of family and property losses, the deprivation and destruction of children's innocence, the disadvantageous impacts to the children's entire lives, the damages to reputation, [and] physical injuries." (ECF No. 22 at p.12.)

On June 5, 2025, the Court ordered Mr. Hoid to file a second amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure if he wishes to pursue any claims in this action. Among other things, the Court noted that Mr. Hoid failed to provide a short and plain statement of each claim he is asserting that demonstrates he is entitled to relief as required under Rule 8, and he failed to identify any logical relationship among all thirty-seven Defendants that would permit their joinder in one action under Rule 20(a). As noted above, on July 7, 2025, Mr. Hoid filed a

4

second amended Complaint (ECF No. 26). At the same time, Mr. Hoid filed a Motion to File Amended Complaint (ECF No. 25). The Motion to File Amended Complaint will be denied as moot.

• **The Second Amended Complaint (ECF No. 26)**

The second amended Complaint is 149-pages long and includes thirty-seven numbered claims for relief, most of which have multiple subparts, against thirty-six Defendants. The list of Defendants includes news and media organizations, police officers, a deputy district attorney, defense attorneys, several state court judges and officials, a law firm, and Google. Mr. Hoid indicates he asserting claims for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution as well as 18 U.S.C. §§ 4, 373, 1001, 1038, 1519, and 2340A. (*See* ECF No. 26 at p.10.) Despite the length of the second amended Complaint, it appears the second amended Complaint is not complete because the final page ends mid-sentence (*see id.* at p.149), and Mr. Hoid does not assert any claims against twelve of the Defendants listed in the caption. In addition, Mr. Hoid states in the "Introduction" that "[t]his action will likely lead to amendments in order to include future participations of co-plaintiffs, especially since the United States Supreme Court may invoke both or either original or appellate jurisdictions, and these matters will be writ for certiorari review involving free speech and egregious, unconstitutional behavior." (*Id.* at p.14.)

Following the brief "Introduction," Mr. Hoid begins his "Statement of Claims" in the second amended Complaint with sixty-eight pages of "Background" before he sets

5

469

forth his first claim for relief. (*See id.* at pp.14-81.) The "Background" section is verbose,

repetitive, and largely irrelevant to the specific claims Mr. Hoid is asserting. The specific

claims in the second amended Complaint are the following:

1. Incitement (against KNOP-2 News)

2. Defamation Per Se; Federal; Defamation Crossing State Lines (against KNOP-2 News)

3. Fraudulent Concealment; Misprision (against KNOP-2 News)

4. Incitement (against Jason Malterud)

5. Defamation Per Se; Collusion (against Jason Malterud)

6. Fraudulent Concealment; Misprision; Falsification of Record; Obstruction of Justice (against Jason Malterud)

7. Defamation Per Se; Federal Defamation (against Jason Malterud)

8. Defamation Per Se; Federal Defamation (against Joshua Burke)

9. Misprision; Fraudulent Concealment; Obstruction of Justice (against Joshua Burke)

10. Incitement; Disinformation; Misprision (against Joshua Burke)

11. Fifth Amendment Violations; Misprision; Police Brutality (against Joshua Burke)

12. Defamation Per Se (against Rachael Sloan-Stoggsdill)

13. Defamation Per Se (against Rachael Sloan-Stoggsdill)

14. Fraudulent Concealment; Misprision (against Rachael Sloan-Stoggsdill)

15. Defamation Per Se; Federal Defamation (against Jeff Satur)

16. Incitement (against Jeff Satur)

6

470

471

17. Fraudulent Concealment; Misprision; Censoring by Law Violating First Amendment (against Jeff Satur)

18. Incitement (against Zach Ardis)

19. Defamation Per Se; Federal Defamation; Censoring by Law in Violation of the First Amendment (against Zach Ardis)

20. Defamation Per Se; Due Process Violations of the Fifth Amendment (against Stanley Jerido)

21. Fraudulent Concealment; Misprision; Obstruction of Justice; Censoring by Law in Violation of the First Amendment (against Stanley Jerido)

22. Collusion; Fraudulent Concealment; Public Endangerment; Misprision (against Ryan Day)

23. Malicious Prosecution; Censoring by Law in Violation of the First Amendment (against Ryan Day)

23.[2] Torture (against Ryan Day)

24. Defamation Per Se; Incitement (against Nancy Salamone)

25. Misprision; Fraudulent Concealment; Falsifying Records; Obstruction of Justice; Censoring by Law in Violation of the First Amendment (against Nancy Salamone)

26. Torture (against Nancy Salamone)

27. Official Misprision; Fraudulent Concealment; Obstruction of Justice; Double Jeopardy; Violation of Fifth Amendment; Due Process Violations; Censoring by Law in Violation of the First Amendment (against Bruce Langer)

28. Legal Malpractice; Falsification and Destruction of Record; Collusion; Fraudulent Concealment; Misprision (against Nicole Collins)

29. Legal Malpractice; Fraudulent Concealment; Collusion; Misprision (against Benjamin Collett)

---

[2] Mr. Hoid asserts two claims identified as claim 23.

7

30. Legal Malpractice; Misprision; Fraudulent Concealment; Falsifying and Altering Record; Collusion; Obstruction of Justice (against Ryan Dawson)

31. Defamation Per Se; Federal Defamation (against FOX-31 News, ABC-7 News, CBS-4 News, NBC-9 News, Gray Media Group Inc./KKTV-11, the Denver Post, the Longmont Times-Call, the Denver Gazette, and Americas Most Wanted)

32. Incitement (against FOX-31 News, ABC-7 News, CBS-4 News, NBC-9 News, Gray Media Group Inc./KKTV-11, the Denver Post, the Longmont Times-Call, the Denver Gazette, and Americas Most Wanted)

33. Fraudulent Concealment; Collusion; Solicitation of Crime; Unlawful Influence of Public Officials; Misprision; Unlawful Censoring in Violation of the First Amendment (against FOX-31 News, ABC-7 News, CBS-4 News, NBC-9 News, Gray Media Group Inc./KKTV-11, the Denver Post, the Longmont Times-Call, the Denver Gazette, and Americas Most Wanted)

34. Defamation Per Se (against Jon High)

35. Collusion; Fraudulent Concealment; Misprision; Obstruction of Justice; Incitement (against Jon High)

36. Collusion; Soliciting Crimes; Unlawful Influence on Officials; Fraudulent Concealment; Censoring in Violation of the First Amendment (against Ballard Spahr)

As relief Mr. Hoid seeks damages "[f]or the destruction of family and property losses, the deprivation and destruction of children's innocence, the disadvantageous impacts to the children's entire lives, the damages to reputation, [and] physical injuries." (ECF No. 26 at p.12.)

• **Rule 8**

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See*

8

472

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Here, Mr. Hoid fails to provide a short and plain statement of his claims that demonstrates he is entitled to relief. Instead, the second amended Complaint is unnecessarily long. The claims, and the factual allegations in support of the claims, are vague, conclusory, repetitive, and verbose. And it is not clear what claims are being asserted against each Defendant. The lack of clarity regarding the specific claims being

9

asserted, and the unnecessary length of the second amended Complaint, are exacerbated by Mr. Hoid's failure to identify any logical relationship among all of the named Defendants that would permit their joinder in a single lawsuit. *See* Fed. R. Civ. P. 20(a).

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Because Mr. Hoid fails to provide a short and plain statement of his claims showing he is entitled to relief, the action should be dismissed for failure to comply with the pleading requirements of Rule 8.

## II. ORDER AND RECOMMENDATION

For the reasons set forth herein, it is respectfully

ORDERED that the Motion to File Amended Complaint (ECF No. 25) is denied

10

474

as moot. It is

RECOMMENDED that the amended Complaint (ECF No. 26) and the action be

dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure for failure to comply with the pleading requirements of Rule 8.[3]

DATED July 21, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge

---

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01164-CMA-RTG

EDWARD HOID,

      Plaintiff,

v.

KNOP-2 NEWS,
JASON MALTERUD, Longmont Police Department,
JOSHUA BURKE, Longmont Police Department,
RACHAEL SLOAN-STOGGSDILL, Longmont Police Department,
JEFF SATUR, Longmont Police Department,
ZACH ARDIS, Longmont Department of Public Safety,
STANLEY JERIDO, Colorado Dept. of Corrections Div. of Parole,
RYAN DAY, Boulder County Deputy District Attorney,
NANCY SALAMONE, Boulder County 20th Judicial District Court,
BRUCE LANGER, Boulder County 20th Judicial District Court,
NICOLE COLLINS, Attorney,
BENJAMIN COLLETT, Attorney,
RYAN DAWSON-ERDMAN, Attorney,
FOX-31 NEWS,
ABC-7 NEWS,
CBS-4 NEWS,
NBC-9 NEWS,
JON HIGH, Longmont Police Department,
GRAY MEDIA GROUP INC.,
THE DENVER POST,
LONGMONT TIMES-CALL,
THE DENVER GAZETTE,
AMERICA'S MOST WANTED,
BALLARD SPAHR,
ASHLEY KISSINGER,
KENNISON LAY,
SHERRI CLARK,
MARK BAILEY, Denver District Court,
ERIC ELLIFF, Denver District Court,
GOOGLE,
JUDGE HAWTHORNE, Court of Appeals,
JUDGE FOX, Court of Appeals,
JUDGE LUM, Court of Appeals,

1

ATTACHMENT 2

JUDGE JOHNSON, Court of Appeals,
JUDGE LIPINSKY, Court of Appeals, and
JUDGE MOULTRIE, Court of Appeals,

    Defendants.

---

## ORDER

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge filed July 21, 2025 (ECF No. 30). Magistrate Judge Richard T. Gurley recommends that Plaintiff's second amended Complaint (ECF No. 26) and this action be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Gurley determined the second amended Complaint does not include a short and plain statement of Plaintiff's claims demonstrating he is entitled to relief because the 149-page pleading is unnecessarily long and the claims and factual allegations in support of Plaintiff's claims are vague, conclusory, repetitive, and verbose. Magistrate Judge Gurley also noted that, despite the length of the pleading, the second amended Complaint appears to be incomplete because the final page ends mid-sentence (*see id.* at p.149), and Plaintiff does not assert any claims against twelve of the Defendants listed in the caption of the second amended Complaint. The Recommendation states that any objection to the Recommendation must be filed within fourteen days after its service. *See* 28 U.S.C. § 636(b)(1)(C).

    On July 25, 2025, Plaintiff submitted for filing a "Motion to Object [to] the Recommendation" (ECF No. 32). Plaintiff challenges the conclusion that the second amended Complaint does not comply with the pleading requirements of Rule 8. And,

2

according to Plaintiff, the second amended Complaint he submitted to the Court on July 5, 2025, is actually 172-pages long.

Also on July 25, 2025, Plaintiff submitted for filing a Motion to File Amended Complaint (ECF No. 33) and a complete version of the second amended Complaint, which is docketed as Plaintiff's third amended Complaint (ECF No. 34). The third amended Complaint (ECF No. 34) is 172-pages long and includes the additional pages and claims that appear to be missing from the second amended Complaint (ECF No. 26).

Finally, on July 28, 2025, Plaintiff submitted for filing a second "Motion to Object [to] the Recommendation" (ECF No. 35). Plaintiff reiterates that the second amended Complaint is actually 172-pages long, he argues the Court may not dismiss the action based on improper joinder of Defendants, and he asserts the length of the second amended Complaint is "necessary for justice" and the "content is all relevant considering the magnitude of the situation and the severity of offense."

Plaintiff's objections are timely. The Court has thus reviewed the Recommendation *de novo* in light of the file and record in this case. On *de novo* review the Court concludes that the Recommendation is correct. Plaintiff's second amended Complaint (ECF No. 26) does not provide a short and plain statement of the claims Plaintiff is asserting that demonstrates he is entitled to relief, and his argument regarding misjoinder is not relevant because Magistrate Judge Gurley does not recommend that the second amended Complaint be dismissed for misjoinder. The Recommendation merely states that Plaintiff's failure to comply with Rule 8 is

3

665

exacerbated by his failure to identify any logical relationship among all of the named Defendants that would permit their joinder in a single lawsuit.

Finally, Plaintiff's Motion to File Amended Complaint (ECF No. 33) will be denied because Plaintiff's proposed third amended Complaint (ECF No. 34), which is even longer than the second amended Complaint (ECF No. 26), also does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, for the foregoing reasons, it is

ORDERED that the Recommendation of United States Magistrate Judge (ECF No. 30) is accepted and adopted. It is

FURTHER ORDERED that the second amended Complaint (ECF No. 26) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to comply with the pleading requirements of Rule 8. It is

FURTHER ORDERED that the Motion to File Amended Complaint (ECF No. 33) is DENIED because Plaintiff's proposed third amended Complaint (ECF No. 34) does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

4

666

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

DATED: August 13, 2025

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
Senior United States District Judge

5

667